# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00224-FDW

| | |
|---|---|
| COREY DELON GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KENNETH LASSITER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's motion for an expert witness. [Doc. 24].

Pro se Plaintiff Corey Delon Greene ("Plaintiff") is a state inmate currently incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina. Plaintiff filed an action pursuant to 42 U.S.C. § 1983 alleging claims based on violation of Plaintiff's rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). [Docs. 1, 16]. Plaintiff Complaint survived initial review. [Doc. 18].

Plaintiff now moves the Court to "give him a[n] expert witness" because "this case is a First Amendment case in which the plaintiff challenges prison policies" and "[t]he plaintiff is indigent and cannot afford one on his own." [Doc. 24]. Plaintiff's motion will be denied. Plaintiff is free to obtain his own expert to provide testimony at his own expense, but Plaintiff is not entitled to hire an expert at the expense of the government. The in forma pauperis statute, 28 U.S.C. § 1915, does not authorize federal courts to appoint or authorize payment for expert witnesses for prisoners or other indigent litigants. Ordinarily, the plaintiff must bear the costs of his litigation, including expert expenses, even in pro se cases. See Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir.

1995); Malik v. Lavalley, 994 F.2d 90 (2d Cir.1993); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (inmate's dilemma in being unable to proceed with suit because of inability to pay for expert witness was no different than that of non-prisoner claimants who face similar problems; to authorize government funding for such fees would, in effect, be granting inmates better treatment than fellow citizens who are not incarcerated).

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for an expert witness [Doc. 24] is **DENIED**.

Signed: March 5, 2020

Frank D. Whitney
Chief United States District Judge