UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00224-MR

| | | |
|---|---|---|
| COREY DELON GREENE, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| KENNETH LASSITER, et al., | ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on Plaintiff's "Request Entry of Default" [Doc. 48]; Defendants Moose, Ishee, Cobb, Brown, and Rich's Motion, Nunc Pro Tunc, to Deem Answer Timely Filed [Doc. 49]; and Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 53].

## I. BACKGROUND

On July 18, 2019, pro se Plaintiff Corey Delon Greene ("Plaintiff"), a prisoner of the State of North Carolina currently incarcerated at Avery/Mitchell Correctional Institution located in Spruce Pine, North Carolina, filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants Kenneth Lassiter, Tim Moose, Todd Ishee, Sarah Cobb, Betty Brown, and Chris Rich. [Doc. 1]. Before initial review was conducted, Plaintiff filed an Amended Complaint. [Doc. 16]. Plaintiff's Amended Complaint survived

initial review as to all Defendants. [Doc. 18]. Thereafter, Plaintiff sought leave to file a Second Amended Complaint, which was granted. [Docs. 25, 27]. Waivers of service were returned executed for Defendants Brown, Ishee, Moose, Rich, and Cobb, making their Answers due on June 2, 2020. [Doc. 29]. A waiver was not obtained for Defendant Lassiter. [See Doc. 30]. Thereafter, the U.S. Marshal obtained service on Defendant Lassiter on April 23, 2020, making his Answer due on May 6, 2020. [See Doc. 34]. On June 2, 2020, all Defendants moved for an extension of time to until August 2, 2020 to answer Plaintiff's Second Amended Complaint. [Doc. 37]. The Court granted the motion as to Defendants Moose, Ishee, Cobb, Brown, and Rich, but denied the motion without prejudice as to Defendant Lassiter because the motion was filed after Defendant Lassiter's deadline to file his Answer had expired without seeking leave to do so. [Doc. 39]. In the meantime, Plaintiff filed a motion for entry of default and motion for default judgment as to Defendant Lassiter. [Docs. 36, 38].

On June 5, 2020, Defendant Lassiter filed an Answer to Plaintiff's Second Amended Complaint [Doc. 40] but failed to seek leave of Court to file the Answer out of time. Plaintiff filed a second motion for default judgment as to Defendant Lassiter [Doc. 41] and a motion for entry of default as to Defendants Moose, Ishee, Cobb, Brown, and Rich [Doc. 42]. On June

17, 2020, the Court struck Defendant Lassiter's untimely Answer and allowed Defendant Lassiter an opportunity to seek leave of Court to file his Answer out of time. [Doc. 43]. The Court also denied Plaintiff's motions for entry of default and default judgment without prejudice. [Id.]. On July 24, 2020, the Court granted Defendant Lassiter's motion for leave to file his Answer out of time but cautioned counsel for Defendants "that future similar failures to timely file responsive pleadings or other filings may not be as favorably considered. It is ultimately counsel's responsibility to track deadlines and seek necessary extensions before deadlines expire." [Docs. 44, 45 n 1]. The Court ordered Defendant Lassiter to file his answer within 10 days of that Order. [Id. at 4]. Ten days later, Defendant Lassiter filed his Answer. [Doc. 46].

On August 10, 2020, Plaintiff moved for entry of default against all Defendants for Defendants' "failure to plead or otherwise defend as ordered by this court and provided by the Federal Rules of Civil Procedure…." [Doc. 48]. Two days later counsel for Defendants filed the pending motion to have the Answer of Defendants Moose, Ishee, Cobb, Brown, and Rich deemed timely filed. [Doc. 49]. Defense counsel contemporaneously filed these Defendants' Answer. [Doc. 50]. Plaintiff then filed a "Notice to Court" advising the Court that he received "the States [*sic*] answer" on August 6,

3

Case 1:19-cv-00224-MR   Document 54   Filed 09/22/20   Page 3 of 9

2020. [Doc. 52]. Plaintiff is presumably referring to Defendant Lassiter's Answer, which was filed on August 3, 2020. [See Docket Entry No. 46].

In support of the pending motion to deem answer timely filed, defense counsel argues that he "cured the deficiency in the filing of the answer on behalf of Defendant Lassiter, and inadvertently refiled [*sic*] the answer on behalf of Defendant Lassiter instead of the above named Defendants. [Doc. 46]." [Doc. 49 at 2; see Doc. 49-1 at 3]. This argument is not well taken. First, the Court warned defense counsel only one week before the Answer of the instant Defendants was due regarding the importance of tracking his own deadlines and "seek[ing] necessary extensions before deadlines expire." [Doc. 45 n 1 (emphasis added)]. It appears, therefore, that defense counsel failed to take the time to read the Court's Order. Second, counsel did not inadvertently re-file Defendant Lassiter's Answer in an attempt to cure the deficiency. While Docket Number 46, which defense counsel cites as the "refilled [*sic*]" Answer, is Defendant Lassiter's Answer, it was presumably filed in response to the Court's July 24, 2020 Order requiring Defendant Lassiter's Answer be filed within 10 days. [See Doc. 45]. Defense counsel provides no cause for his failure to timely file the Answer of the instant Defendants, only an unsupported claim that he cured the deficiency once he became aware of it. [See Doc. 49-1].

4

Finally, Plaintiff filed a motion for leave to amend his complaint again to correct the name of a witness he incorrectly identified in his Second Amended Complaint. Namely, Plaintiff identified a witness as "Kwame Kwame Hollaway," but now seeks to correct this witness's name to "Kwame Hollaway-Dunn." [Doc. 53; see Doc. 28 at 6-7]. He filed what appears to be a complete Third Amended Complaint, correcting this mistake. [See Doc. 53-1].

## II. DISCUSSION

The Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, et seq., was enacted "[i]n an effort to address the large number of prisoner complaints filed in federal court." Jones v. Bock, 548 U.S. 199 (2007). Here, Defendants argue, in part, that 42 U.S.C. § 1997e(g) "precludes entry of default in prisoner cases without a clear, distinct request by the Court for a response from a defendant." [Id. at 5]. Subsection (g) provides as follows:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The Court may require any defendant to reply to a complaint brought under this section if it finds that

5

> the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g) (emphasis added). The Supreme Court explained, in *dicta*, that this means that "defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." Bock, 549 U.S. at 214. Defendants contend that by so stating, the Supreme Court has "employed a plain language interpretation to hold that this subsection supersedes Rule 55 and prevents the court from entering default or default judgment in the context of Section 1983 suits by prisoners." [Doc. 49-1 at 6]. Neither Rule 55, entry of default, nor default judgment, however, are even mentioned in Bock. See Bock, 549 U.S. 199.

Some district courts, however, have read § 1997e(g) to entirely preclude entry of default and default judgment in § 1983 prisoner cases. Stevenson v. MDOC, No. 1:07-cv-213, 2007 WL 1202310, at *1 (W.D. Mich. April 23, 2007) ("Section 1997e(g) bars plaintiff from obtaining an entry of default or a default judgment against any of the defendants, because defendants have no obligation to reply to the complaint until ordered by the court."); Bell v. Lesure, No. 08-CV1255, 2009 WL 1290984, at *4 (W.D. Okla. May 6, 2009) (holding default judgment could not be entered in light of § 1997e(g)(1)). See Bank v. Percher, No. 4:04-cv-764, 2006 WL 1878330 at

6

*2 (M.D. Pa. July 6, 2006) ("[E]ven if we were to have jurisdiction over defendant…, we could not enter a default judgment in favor of plaintiff because 42 U.S.C. § 1997e(g)(1) requires a reply be filed in prison condition suits in order for relief to be granted."). Others have found this to be an "illogical" reading of § 1997e(g) and Bock as leading to "absurd results." Adams v. Smith, 2014 WL 811992, at 2 (S.D. Ill. Mar. 3, 2014). In Adams, the District Court reasoned that:

> The statutory provisions in § 1997e(g) are exceptionally clear on their face. It is true that subsection (g)(1) prevents the court from taking action against a defendant in a prisoner case until the defendant files a reply. 42 U.S.C. § 1997e(g)(1). However, subsection (g)(2) serves to nullify subsection (g)(1) when the court requires a defendant to reply "if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." See id. §§ 1997e(g)(1), (2). After the court requires a reply under subsection (g)(2), a defendant can no longer use subsection (g)(1) as a shield to waive a reply and the provisions of Rule 55 of the Federal Rules of Civil Procedure concerning default can be appropriately applied by the court if the defendant fails to file a timely answer. See id.

Adams, at *2.

The Court, however, need not decide which of these lines of authority should prevail. Here, the Court has not explicitly ordered Defendants to answer Plaintiff's Complaint. Subsection (g)(1), which precludes relief to a plaintiff absent a reply by a defendant, therefore, prevents the entry of default

even though Defendants have failed to timely answer. See 42 U.S.C. § 1997e(g)(1). The Court, therefore, is unfortunately constrained to grant Defendants' motion to deem their answer timely filed and to deny Plaintiff's motion for entry of default, despite defense counsel's repeated failures to adhere to deadlines in this case.

Furthermore, resolution of disputes on the merits is highly favored, see Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969), and Plaintiff will not be prejudiced by allowing the instant Defendants to file their Answer out of time. The deadline to complete discovery is not until December 2, 2020 and the dispositive motions' deadline is one month later. [Doc. 47].

The Court will grant Plaintiff's motion to amend his complaint to correct the name of the referenced witness and instruct the Clerk to file his proposed amended complaint as Plaintiff's Third Amended Complaint in this matter.

### III. CONCLUSION

In sum, the Court will grant Defendants' motion to deem their answer timely, deny Plaintiff's motion for entry of default, and grant Plaintiff's motion to amend his complaint.

Defense counsel, however, is admonished to pay closer attention to the requirements and deadlines of this Court, as sanctions against counsel remain a possibility for further such failures.

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's motion for entry of default [Doc. 48] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion, Nunc Pro Tunc, to Deem Answer Timely Filed [Doc. 49] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File and Amended Complaint [Doc. 53] is **GRANTED**.

The Clerk is respectfully instructed to file Docket No. 53-1 as Plaintiff's Third Amended Complaint.

**IT IS SO ORDERED**.

September 22, 2020

Martin Reidinger
Chief United States District Judge