# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00224-MR

| | |
|---|---|
| COREY DELON GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| ) | |
| KENNETH LASSITER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's letter to the undersigned. [Doc. 68].

Pro se Plaintiff Corey Delon Greene ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina. Plaintiff filed a Complaint under 42 U.S.C. § 1983 against Defendants on July 18, 2019, and an Amended Complaint on September 12, 2019. [Docs. 1, 16]. Plaintiff's Amended Complaint survived initial review. [Doc. 18]. North Carolina Prisoner Legal Services (NCPLS) was appointed as counsel for Plaintiff for the limited purpose of conducting discovery in this matter. [Doc. 47]. The discovery deadline was April 19, 2021 and the Court has since granted the NCPLS'

motion to withdraw as counsel. [4/1/2021 Docket Entry; Docs. 66, 67]. The dispositive motions deadline is May 17, 2021. [4/1/2021 Docket Entry].

Previously, Plaintiff filed a letter directed to the undersigned in which he complained about various aspects of the representation being provided by NCPLS counsel. [Doc. 59]. Plaintiff sought "to put the Court on notice of [his] present and unnecessary hardship with appointed counsel." [Id.]. The Court admonished Plaintiff that he had been expressly directed in the Order of Instructions mailed to him on July 26, 2019, that documents Plaintiff files with the Court should not be directed to the Judge assigned to his case. [Doc. 6 at ¶ 5]. Further, Plaintiff was instructed that, "[o]nly documents properly filed with the Clerk of Court will be docketed in this case." [Id. at ¶ 4]. The Court reiterated its instruction that, should Plaintiff seek relief from the Court, he must file a proper motion with the Court. [Id. ("Only motions will be ruled on by the Court.")]. The Court, therefore, declined to consider the letter and struck it from the record in this matter. [Doc. 60]. The Court advised Plaintiff that, should he file documents in this case again directed to the undersigned they may be summarily dismissed and/or stricken. [Id. at 2].

Plaintiff has again filed a letter with the Court directed to the indersigned. [Doc. 68]. In this letter, Plaintiff describes confusion over

references to Bates-Stamped documents in Defendants' discovery responses. [Id.]. This letter is not only improper, as Plaintiff was previously admonished, but also fails to provide the Court with enough information or materials to address Plaintiff's request, in any event. The Court will strike the letter. Additionally, it appears that defense counsel would be much better suited to address Plaintiff's request.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's [Doc. 68] is **STRICKEN** from the record in this matter.

Signed: May 21, 2021

Martin Reidinger
Chief United States District Judge