UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00224-MR

| | |
|---|---|
| COREY DELON GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| KENNETH LASSITER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Doc. 85].

Pro se Plaintiff Corey Delon Greene ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On July 18, 2019, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 claiming his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, were violated while he was incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina, because Defendants refused to recognize the Nation of Gods and Earth ("NGE") as a religion. [Doc. 1]. Plaintiff later amended his Complaint to unequivocally allege the NGE is a "God centered culture," not a religion,

and that this is a "central tent" of the NGE. [Doc. 25].

On January 5, 2022, the Court granted Defendants' motion for summary judgment, concluding, in relevant part, that Plaintiff's own forecast of evidence plainly defeated his claims. [Doc. 83 at 14]. Namely, to succeed on claims under the First Amendment's Free Exercise Clause and the RLUIPA, a plaintiff must first show that he maintains a sincerely held religious belief. [Id. at 12-14]. Plaintiff, however, alleged and "stipulated" that NGE is not a religion. [Doc. 25]. Having failed to forecast evidence of a genuine issue for trial, the Court granted summary judgment against Plaintiff. [Doc. 83 at 15].

Plaintiff now moves, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for the Court to reconsider its Order dismissing his case. [Doc. 85]. Plaintiff submitted several exhibits with his motion, including an "Affidavit of Fact," an "Affidavit of New Evidence Martin Horn – Expert Testimony," which includes an Expert Report by Horn from a case filed in the Eastern District in 2013, Miles v. Guice, No. 5:13-CT-3193-FL. Plaintiff has since filed a supplemental affidavit supporting his motion [Doc. 87] and the Defendants have responded in opposition [Doc. 88].

As grounds for his motion, Plaintiff argues that the Court committed "several instances" of "manifest error," including misconstruing Plaintiff's

evidence. [Doc. 85 at 3]. Plaintiff also purports to introduce "expert testimony" that was "unavailable at summary judgment" because COVID-related prison restrictions prevented Plaintiff from locating the evidence sooner. [Id. at 4; Doc. 85-1 at 1]. Only through Plaintiff's "due dilligence [*sic*] and associations in prison" was he able to obtain copies of the "expert testimony" from the North Carolina Prisoner Legal Services (NCPLS), his discovery counsel in this case. [Id. at 2]. Plaintiff now blames the NCPLS for not "disclosing" this evidence while it represented him. [Doc. 85-2 at 1-2].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are

3

intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Plaintiff merely submits an expert report from another case to which he has since gained access and restates facts that he believes the Court has misconstrued. The expert report existed well before the close of discovery in Plaintiff's case. Moreover, Horn was never identified as an expert in Plaintiff's case nor was there any forecast that he would provide expert testimony. Importantly, the Horn Report addresses the issue of whether NGE constitutes a security threat, and the issue of a prison's accommodation of NGE. This forecast would not have helped Plaintiff. An element of Plaintiff's claims is that the religious practice in question is a religious belief firmly held by that plaintiff. That is a subjective test. Plaintiff' however, presented a forecast of evidence that, at least as to him, NGE is not a

religion. [Doc. 25].  That forecast[1] negated a necessary element of Plaintiff's claim and thus entitled the Defendant to summary judgment.  Nothing in the Horn Report refutes this or contradicts this in any respect.

Even if the Horn Report were of assistance to Plaintiff in his claim, plaintiffs cannot revisit judgments in their cases by mining and presenting evidence from other closed cases.  Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him.  See Hill, 277 F.3d at 708.

The Court will, therefore, deny Plaintiff's motion to reconsider.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reconsider [Doc. 85] is **DENIED**.

**IT IS SO ORDERED**.

Signed: February 14, 2022

Martin Reidinger
Chief United States District Judge

---

[1] In fact, this was part of Plaintiff's pleadings and thus constitutes a judicial admission, not only a forecast. [Doc. 25].