UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00224-MR

| | | |
|---|---|---|
| COREY DELON GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KENNETH LASSITER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Hold in Abeyance. [Doc. 100].

Pro se Plaintiff Corey Delon Greene ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On July 18, 2019, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Kenneth Lassiter, Tim Moose, Todd Ishee, Sarah Cobb, Betty Brown, and Chris Rich claiming his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, were violated while he was incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina, because Defendants refused to recognize the Nation of Gods and Earth ("NGE") as a religion and classified

NGE as a Security Risk Group (SRG) for over 20 years. [Doc. 1]. Plaintiff seeks an injunction allowing him to practice NGE "as any other religion" and monetary damages for liberties lost due to his SRG status. [Id. at 17-18].

On January 5, 2022, the Court granted summary judgment for Defendants based primarily on Plaintiff's sworn allegation that NGE is a culture, not a religion. [See Doc. 83 at 3-4, 14-16]. Shortly thereafter, the Court denied Plaintiff's motion for reconsideration [Doc. 89] and Plaintiff appealed [Doc. 90]. Recently, the Court of Appeals for the Fourth Circuit vacated the Court's entry of summary judgment and remanded for further proceedings. Greene v. Lassiter, No. 22-6273, 2023 WL 8618519 (4th Cir. Dec. 13, 2023). The Fourth Circuit held that this Court erred in concluding that Plaintiff's sworn allegation "that NGE 'is a God centered culture' that must not be 'misconstrued as religion'" was a "relief-foreclosing judicial admission" under RLUIPA and the First Amendment. Id. at *1. The Fourth Circuit concluded, therefore, that "there may be at least an open factual question about whether NGE qualifies as a religion for RLUIPA and First Amendment purposes." Id. at

Now before the Court is Defendants' motion to stay this matter pending the decision of the Fourth Circuit in Rogers v. Rich, No. 22-7167 (USCA Oct. 7, 2022). Rogers involves a prisoner plaintiff claiming RLUIPA and First and

Fourteenth Amendment violations based on the alleged denial of his right to practice Nation of Islam and his categorization as SRG based on his adherence to the NGE. Betty Brown and Chris Rich are the only remaining Defendants in Rogers. Id., Doc. 9 at 2. Defendants argue that two actions filed in the Eastern District of North Carolina, Fuller v. Hooks, 5:19-CT-3317-BO (E.D.N.C.), and Harris v. Bullard, 5:19-CT-3397-BO (E.D.N.C.), factually similar to the instant case have been stayed and administratively closed pending the Fourth Circuit's decision in Rogers. [Id. at 2]. Defendants argue that a stay is necessary because the instant case "presents the same situation, with the additional factors that the defendants in this case overlap with the defendants" in Rogers. [Doc. 101 at 4]. Finally, Defendants argue that Plaintiff will not be prejudiced by the stay because "*Defendants now recognize NGE as a religion.*" [Id. at 5 (emphasis in original)]. Plaintiff has not responded to Defendants' motion.

A court has the inherent authority to stay proceedings of a case, which is "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The decision to grant a stay is "generally left to the sound discretion of district courts," Schriro v. Landrigan, 550 U.S. 473 (2007), and involves a balancing

"of various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket," United States v. Georgia Pac. Corp, 562 F.2d 294, 296 (4th Cir. 1977). The Court should consider (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits or a substantial case on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies. Wolfe v. Clarke, 819 F.Supp.2d 574, 578 (E.D. Va. Nov. 22, 2011) (citing Hilton v. Braunskill, 481 U.S. 770, 776, 778 (1987)).

The Court will grant the Defendants' motion to stay this matter pending the Fourth Circuit's decision in Rogers. Plaintiff has not shown that he would be prejudiced by any delay and, to avoid inconsistent rulings, this matter should proceed on remand only after Rogers.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Hold in Abeyance [Doc. 100] is **GRANTED** and this matter is hereby **STAYED** pending further order of this Court.

**IT IS FURTHER ORDERED** that Defendants shall **NOTIFY** the Court within ten (10) days of the Fourth Circuit's decision in Rogers v. Rich, No.

22-7167.

**IT IS SO ORDERED.**  Signed: January 16, 2024

_Martin Reidinger_
Martin Reidinger
Chief United States District Judge