# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00224-MR

| | |
|---|---|
| COREY DELON GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| KENNETH LASSITER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's filing [Doc. 105], which the Court construes as a motion to reconsider its Order to stay these proceedings [Doc. 103].

Pro se Plaintiff Corey Delon Greene ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at New Hanover Correctional Center ("New Hanover") in Wilmington, North Carolina. On July 18, 2019, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Kenneth Lassiter, Tim Moose, Todd Ishee, Sarah Cobb, Betty Brown, and Chris Rich claiming his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, were violated while he was incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina, because Defendants refused to

recognize the Nation of Gods and Earth ("NGE") as a religion and classified NGE as a Security Risk Group (SRG) for over 20 years. [Doc. 1]. Plaintiff seeks an injunction allowing him to practice NGE "as any other religion" and monetary damages for liberties lost due to his SRG status. [Id. at 17-18].

On January 5, 2022, the Court granted summary judgment for Defendants based primarily on Plaintiff's sworn allegation that NGE is a culture, not a religion. [See Doc. 83 at 3-4, 14-16]. Shortly thereafter, the Court denied Plaintiff's motion for reconsideration [Doc. 89] and Plaintiff appealed [Doc. 90]. Recently, the Court of Appeals for the Fourth Circuit vacated the Court's entry of summary judgment and remanded for further proceedings. Greene v. Lassiter, No. 22-6273, 2023 WL 8618519 (4th Cir. Dec. 13, 2023). The Fourth Circuit held that this Court erred in concluding that Plaintiff's sworn allegation "that NGE 'is a God centered culture' that must not be 'misconstrued as religion'" was a "relief-foreclosing judicial admission" under RLUIPA and the First Amendment. Id. at *1. The Fourth Circuit concluded, therefore, that "there may be at least an open factual question about whether NGE qualifies as a religion for RLUIPA and First Amendment purposes." Id. Defendants moved to stay this matter pending the decision of the Fourth Circuit in Rogers v. Rich, No. 22-7167 (USCA Oct. 7, 2022). Rogers involves a prisoner plaintiff claiming RLUIPA and First and

Fourteenth Amendment violations based on the alleged denial of his right to practice Nation of Islam and his categorization as SRG based on his adherence to the NGE. Betty Brown and Chris Rich are the only remaining Defendants in Rogers. Id., Doc. 9 at 2. Defendants argued that two actions filed in the Eastern District of North Carolina, Fuller v. Hooks, 5:19-CT-3317-BO (E.D.N.C.), and Harris v. Bullard, 5:19-CT-3397-BO (E.D.N.C.), factually similar to the instant case have been stayed and administratively closed pending the Fourth Circuit's decision in Rogers. [Id. at 2]. Defendants further argued that a stay is necessary because the instant case "presents the same situation, with the additional factors that the defendants in this case overlap with the defendants" in Rogers. [Doc. 101 at 4]. Finally, Defendants argued that Plaintiff would not be prejudiced by the stay because "*Defendants now recognize NGE as a religion.*" [Id. at 5 (emphasis in original)].

Five days after the response deadline, without having received a response by Plaintiff, the Court granted Defendants' motion to stay. [Doc. 103]. Three days later, the Court received Plaintiff's "Motion to Oppose Abeyance" [Doc. 104] (hereinafter "Response") in which Plaintiff argues only that "[The Fourth Circuit] gave it's [sic] ruling and this ruling should stand." [Id]. After receiving the Court's Order staying this case pending Rogers, Plaintiff filed the pending document captioned "Mailbox Rule" in which he

argues that his Response was mailed the day it was placed in the prison system mail, which was January 14, 2024, and "[t]hus the court should not hold this case in abeyance." [Doc. 104]. To the extent Plaintiff's response was technically timely, it would not have changed the Court's decision to stay these proceedings. Plaintiff made no meaningful argument in opposition to the stay, including no showing that he would be prejudiced thereby. The Court therefore will deny Plaintiff's motion to reconsider the Court's Order staying these proceedings.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 105] is **DENIED** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: January 29, 2024

Martin Reidinger
Chief United States District Judge