# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00224-MR

| | |
|---|---|
| COREY DELON GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| KENNETH LASSITER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Fourth Circuit's decision in Rogers v. Rich, No. 22-7167.

Pro se Plaintiff Corey Delon Greene ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On July 18, 2019, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Kenneth Lassiter, Tim Moose, Todd Ishee, Sarah Cobb, Betty Brown, and Chris Rich claiming his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, were violated while he was incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina, because Defendants refused to recognize the Nation of Gods and Earth ("NGE") as a religion and classified

NGE as a Security Risk Group (SRG) for over 20 years. [Doc. 1]. Plaintiff seeks an injunction allowing him to practice NGE "as any other religion" and monetary damages for liberties lost due to his SRG status. [Id. at 17-18].

On January 5, 2022, the Court granted summary judgment for Defendants based primarily on Plaintiff's sworn allegation that NGE is a culture, not a religion. [See Doc. 83 at 3-4, 14-16]. Shortly thereafter, the Court denied Plaintiff's motion for reconsideration [Doc. 89] and Plaintiff appealed [Doc. 90]. The Court of Appeals for the Fourth Circuit vacated the Court's entry of summary judgment and remanded for further proceedings. Greene v. Lassiter, No. 22-6273, 2023 WL 8618519 (4th Cir. Dec. 13, 2023). The Fourth Circuit held that this Court erred in concluding that Plaintiff's sworn allegation "that NGE 'is a God centered culture' that must not be 'misconstrued as religion'" was a "relief-foreclosing judicial admission" under RLUIPA and the First Amendment. Id. at *1. The Fourth Circuit concluded, therefore, that "there may be at least an open factual question about whether NGE qualifies as a religion for RLUIPA and First Amendment purposes." Id.

Defendants moved to stay this matter pending the decision of the Fourth Circuit in Rogers v. Rich, No. 22-7167. Rogers involves a prisoner plaintiff claiming RLUIPA and First and Fourteenth Amendment violations based on the alleged denial of his right to practice Nation of Islam and his

2

categorization as SRG based on his adherence to the NGE.  Betty Brown and Chris Rich were the only remaining Defendants in Rogers.  Id., Doc. 9 at 2.  Defendants argued that a stay was necessary because the instant case "presents the same situation, with the additional factors that the defendants in this case overlap with the defendants" in Rogers.  [Doc. 101 at 4].  Finally, Defendants argued that Plaintiff will not be prejudiced by the stay because "*Defendants now recognize NGE as a religion.*"  [Id. at 5 (emphasis in original)].  The Court granted Defendants' motion to stay this matter pending the Fourth Circuit's decision in Rogers.  [Doc. 103].

The Fourth Circuit has now issued its decision in Rogers, finding that Plaintiff forfeited appellate review of the district court's order because he failed to meaningfully challenge its conclusion that the prison policies at issue were the least restrictive means of furthering a compelling government interest.  Rogers v. Rich, No. 22-7167, 2024 WL 1230147, at *1 (4th Cir. 2024).  In light of the decision in Rogers, the Court will lift the stay in this matter.  The Court will allow the parties to supplement the summary judgment record in this matter with additional arguments and materials, including sworn testimony.
3

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the stay in this matter is hereby **LIFTED**.

**IT IS FURTHER ORDERED** that the Defendants shall **FILE** any supplements to their summary judgment materials within 30 days of this Order, and the Petitioner may file a response thereto within 30 days after the Defendants' service thereof.

**IT IS SO ORDERED**.

Signed: April 4, 2024

Martin Reidinger
Chief United States District Judge