# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00224-MR

| | |
|---|---|
| COREY DELON GREENE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> KENNETH LASSITER, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's recent filing captioned "Issues Receiving Documents" [Doc. 114], which the Court construes as a motion to require Plaintiff's correctional facility to make copies for him.

Pro se Plaintiff Corey Delon Greene ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at New Hanover Correctional Center in Wilmington, North Carolina. On July 18, 2019, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Kenneth Lassiter, Tim Moose, Todd Ishee, Sarah Cobb, Betty Brown, and Chris Rich claiming his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, were

violated while he was incarcerated at Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina, because Defendants refused to recognize the Nation of Gods and Earth ("NGE") as a religion and classified NGE as a Security Risk Group (SRG) for over 20 years. [Doc. 1]. The Court granted summary judgment for Defendants [Doc. 83] and the Fourth Circuit vacated the Court's entry of summary judgment and remanded for further proceedings. Greene v. Lassiter, No. 22-6273, 2023 WL 8618519 (4th Cir. Dec. 13, 2023). On April 4, 2024, the Court ordered Defendants to file any supplements to their summary judgment materials within 30 days and for Plaintiff to file a response thereto within 30 days of service of Defendants' materials. [Doc. 111].

Now before the Court is Plaintiff's motion to order Plaintiff's correctional facility to make copies for him. [Doc. 114]. As grounds, Plaintiff states he is "accumulating documents" by mail from "friends, family, etc." to compose his summary judgment response, but the North Carolina Department of Corrections only allows such mail to be viewed electronically. [Id. at 2]. As such, Plaintiff "cannot access the documents to compose his motion." [Id.].

The Court will deny Plaintiff's motion. This Court has no authority to require Plaintiff's correctional facility to make copies for him. The Court notes that it seems unlikely that documents provided by Plaintiff's family and

2

Case 1:19-cv-00224-MR   Document 116   Filed 04/22/24   Page 2 of 3

friends would be appropriate evidence on summary judgment in any event. [See Doc. 74 (noting that summary judgment evidence must be presented to the Court "in a form which would otherwise be admissible at trial, i.e., in the form of affidavits and unsworn declarations").

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 114] is **DENIED**.

**IT IS SO ORDERED**.

Signed: April 22, 2024

Martin Reidinger
Chief United States District Judge