IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00224-MR

| | |
|---|---|
| COREY DELON GREENE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>KENNETH LASSITER, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Reconsider Order to obtain copies of mail at New Hanover Correctional" [Doc. 117] and Plaintiff's (Fourth) Motion to Appoint Counsel [Doc. 118].

Pro se Plaintiff Corey Delon Greene ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at New Hanover Correctional Center in Wilmington, North Carolina. On July 18, 2019, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Kenneth Lassiter, Tim Moose, Todd Ishee, Sarah Cobb, Betty Brown, and Chris Rich claiming his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, were violated while he was incarcerated at Avery/Mitchell Correctional Institution

in Spruce Pine, North Carolina, because Defendants refused to recognize the Nation of Gods and Earth ("NGE") as a religion and classified NGE as a Security Risk Group (SRG) for over 20 years. [Doc. 1]. The Court appointed the North Carolina Prisoner Legal Service (NCPLS) to represent Plaintiff for the purpose of conducting discovery. [Doc. 47 at 2]. The NCPLS accepted this appointment and conducted discovery for the Plaintiff. [Docs. 51, 65].

On January 5, 2022, the Court granted summary judgment for Defendants [Doc. 83] and the Fourth Circuit vacated the Court's entry of summary judgment and remanded for further proceedings. Greene v. Lassiter, No. 22-6273, 2023 WL 8618519 (4th Cir. Dec. 13, 2023). On April 4, 2024, the Court ordered Defendants to file any supplements to their summary judgment materials within 30 days and for Plaintiff to file a response thereto within 30 days of service of Defendants' materials. [Doc. 111].

Recently Plaintiff moved the Court to order Plaintiff's correctional facility to make copies for him. [Doc. 114]. As grounds, Plaintiff stated that he is "accumulating documents" by mail from "friends, family, etc." to compose his summary judgment response, but the North Carolina Department of Corrections only allows such mail to be viewed electronically. [Id. at 2]. As such, Plaintiff "cannot access the documents to compose his

motion." [Id.]. The Court denied Plaintiff's motion and explained to Plaintiff that it has "no authority to require Plaintiff's correctional facility to make copies for him" and also noted that "it seems unlikely that documents provided by Plaintiff's family and friends would be appropriate evidence on summary judgment in any event." [Doc. 116 at 2-3].

Plaintiff now asks the Court to reconsider its order denying Plaintiff's motion to obtain copies of his mail at New Hanover Correctional Center. [Doc. 117]. As grounds, Plaintiff contends that "[t]he evidences which are documentary evidence are admissible" and "that he cannot properly represent himself without access to the material to construct the theory of his case." [Id. at 1]. Plaintiff queries, "what can [he] do when it comes to the signature of the declarant? Forge it?" [Id.]. Thus, it appears that Plaintiff seeks to obtain affidavits from non-prisoners to submit in response to Defendants' supplemental summary judgment materials. [See id.].

The Court will deny Plaintiff's motion. While the Court is not unsympathetic to the logistical difficulties Plaintiff encounters as an incarcerated litigant, the Court remains without authority to order Plaintiff's correctional facility to modify its mail procedures to accommodate Plaintiff's litigation needs. The Court will, nonetheless, direct that a copy of this Order

3

be mailed to the Warden at Plaintiff's correctional facility so that they may take any appropriate action.

Plaintiff also moves for appointment of counsel for the fourth time in this action. [Doc. 118; see Docs. 3, 82, 108]. As grounds, Plaintiff argues that his circumstances are exceptional because the Fourth Circuit has remanded his case for further proceedings and he "is highly likely to win on these issues." [Id. at 1]. Plaintiff further argues that, "[i]f it is apparent that a pro se litigant has a colorable claim but lacks the capacity to present it the district court should appoint counsel," [id. at 2 (citing Branch v. Cole, 686 F.2d 264 (5th Cir. 1982))], and that he needs an attorney to help him obtain the documents he needs for his summary judgment response, id.

The Court will deny Plaintiff's fourth motion to appoint counsel. The Court fails to see how affidavits provided by Plaintiff's friends and family members are necessary to create a genuine issue of material fact for trial in this matter. The Fourth Circuit remanded this case because "there may be at least an open factual question about whether NGE qualifies as a religion for RLUIPA and First Amendment purposes." [Doc. 99]. The testimony of Plaintiff's friends and family members would appear to have no bearing on this issue, nor would it create an issue of fact as to whether Plaintiff sincerely holds any particular religious belief more that Plaintiff's own testimony, which

he is free to submit, or any other issue material to Plaintiff's claims. [See Doc. 11-14]. Moreover, Plaintiff's unsupported assertion that he is "highly likely to win" this action does not change this calculus. Plaintiff's circumstances remain unexceptional. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). As Plaintiff has previously been advised, should this matter proceed to trial, the Court may appoint counsel for Plaintiff through the Prisoner Assistance Program (PAP) at that time. [Misc. Case No. 3:19-mc-00013-MR, Docs. 2, 5].

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions [Docs. 117, 118] are **DENIED**.

The Clerk is respectfully instructed to remove the reference to Docket No. 115 in the docket entry for Docket No. 117 and to send a copy of this Order by certified mail to the Warden at Plaintiff's current correctional facility.

**IT IS SO ORDERED**.

Signed: May 1, 2024

Martin Reidinger
Chief United States District Judge