UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00224-MR

| COREY DELON GREENE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
|  | ) |  |
| KENNETH LASSITER, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion "Requesting to Reopen discovery." [Doc. 130].

**I. BACKGROUND**

Pro se Plaintiff Corey Delon Greene ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On July 18, 2019, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Kenneth Lassiter, Tim Moose, Todd Ishee, Sarah Cobb, Betty Brown, and Chris Rich claiming his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, were violated while he was incarcerated at Avery/Mitchell Correctional Institution ("AMCI") in Spruce Pine, North Carolina, because Defendants

refused to recognize the Nation of Gods and Earth ("NGE") as a religion and classified NGE as a Security Risk Group ("SRG") for over 20 years. [Doc. 1]. Plaintiff seeks an injunction allowing him to practice NGE "as any other religion" and monetary damages for liberties lost due to his SRG status. [Id. at 17-18].

On August 4, 2020, the Court appointed the North Carolina Prisoner Legal Services (NCPLS) to represent the Plaintiff for the purpose of conducting discovery. [Doc. 47 at 2; see Doc. 51 (Limited Notice of Appearance by NCPLS Attorney Mani Dexter)]. The original discovery deadline in this case was December 2, 2020, and the dispositive motions deadline was January 4, 2021.[1] [Doc. 47 at 1]. On December 1, 2020, NCPLS Attorney Cory Tischbein substituted as counsel for Plaintiff, replacing Attorney Dexter. [Doc. 57: Notice of Substitution of Counsel]. On January 11, 2021, Plaintiff filed an improper letter directed to the undersigned expressing frustration with his appointed counsel. [Doc. 59]. In that letter, Plaintiff stated that Attorney Tischbein's substitution occurred "at a time of controversy between [Plaintiff and Attorney Dexter] over obtaining a full

---

[1] After numerous motions for extensions of these deadlines by Defendants, the final discovery deadline was April 19, 2021, and the final dispositive motions deadline was May 17, 2021. [Docs. 56, 58, 61, 62, 64; 11/20/2020, 12/17/2020, 2/19/2021, 3/23/2021, & 4/1/2021 Text Orders]. In its Order on what would be Defendants' final motion to extend these deadlines, the Court strongly cautioned the parties against seeking any further extensions thereof. [4/1/2021 Text Order].

discovery." [Id. at 1]. Plaintiff stated that Attorney Dexter did not want to pursue all of Plaintiff's claims, which Plaintiff claimed was "possibly an ethical violation," and that Attorney Tischbein had not addressed Plaintiff's concerns in his responses to Plaintiff's "several letters." [Id. at 1-2]. Plaintiff asserted that "certain claims are in jeopardy," including Plaintiff's allegation that fellow inmate Kwame Holloway-Dunn "was able to get certain lessons in and [Plaintiff] was not … even after following the exact same process as he," because Plaintiff was not getting the documents he needs in discovery. [Id. at 2]. The Court struck Plaintiff's improper letter as in violation of several provisions of the Court's Order of Instructions in this matter. [Doc. 60 at 2]. The Court admonished the Plaintiff that, "should he file documents again directed to the undersigned they may be summarily dismissed and/or stricken." [Id. at 2].

On March 31, 2021, the Court received a letter by Plaintiff dated March 25, 2021, in which he noted that "today is the deadline for discovery" and that he had not been contacted by his attorney or Defendants' attorney despite his "diligent" communication during the discovery period. [Doc. 63]. Plaintiff, apparently, had not yet received notification of the Court's most recent extension of the discovery deadline at that time. [See 3/24/2021 (Court only) Docket Entry (noting transmission of 3/23/2024 Text Order to

Plaintiff)]. On April 19, 2021, Attorney Tischbein notified the Court that he had assisted Plaintiff with conducting discovery in the case and opined, based on his review of the discovery, "that appointment of counsel is not required in this action." [Doc. 65]. The next day, the Court granted Tischbein's motion to withdraw as counsel. [Docs. 66, 67].

On April 28, 2021, Plaintiff filed another improper letter directed to the undersigned in which he sought clarity regarding Defendants' reference to "Bates stamped documents" in their discovery responses, which Plaintiff claimed was "obviously … meant to confuse [him]." [Doc. 68]. The Court struck the improper letter and noted that, "it appears that defense counsel would be much better suited to address Plaintiff's request," in any event.[2] [Doc. 73 at 3].

On May 17, 2021, Defendants moved for summary judgment and the Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his duties in responding to Defendants' motion. [Docs. 69, 74]. On or about June 4, 2021, Plaintiff timely responded to Defendants' motion. [Docs. 76, 76-5 (postmark)]. Along with his memorandum, Plaintiff submitted, among other things, the Declaration of

---

[2] Plaintiff later acknowledged that "everything was cleared [up]" after "several contacts" between counsel for both parties. [Doc. 79 at 2].

4

Kwame Holloway-Dunn;[3] an Affidavit of Larry Dunston, an SRG expert, from the matter of Miles v. Guice, No. 5:13-CT-03193-FL (E.D.N.C.); and a copy of Coward v. Robinson, 276 F.Supp.3d 544 (E.D. Va. 2017), which regards an NGE-adherent prisoner's RLUIPA and Free Exercise claims against Virginia Department of Corrections employees. [Docs. 76, 76-4]. Although Plaintiff did not submit his own sworn testimony, the allegations in his sworn complaints made on his personal knowledge were considered for their evidentiary value at summary judgment. [Doc. 83 at 5].

On September 10, 2021, Plaintiff moved pursuant to Rule 56(e)(1) to submit his own Declaration, which provided background information on and described his history as a member of the NGE. [Doc. 78]. A few days later, Plaintiff filed a motion for more time to submit evidence in opposition to Defendants' summary judgment motion. [Doc. 79]. Plaintiff claimed he did not seek an extension of the deadline to respond to Defendants' summary judgment motion because of the Court's previous admonition against seeking additional extension of the dispositive motions deadline. [Id. at 2]. Specifically, Plaintiff sought to submit "prior case law affidavit about the Nation of Gods and Earth their lessons/teachings & essential meaning" and

---

[3] Mr. Holloway-Dunn, a fellow inmate, testified that he became a member of the NGE in 2011 and that he "was approved by Center Prison administration as well as D.P.S. in Raleigh N.C. As a remedy to my grievances[.]" [Doc. 76-4 at 11 (errors uncorrected)].

5

his letters with the NGE school in Harlem, New York. With regard to the affidavit he sought to submit, Plaintiff acknowledged that the information was already presented through the Coward case, "but to err to excess." [Id.; see Doc. 80].

On January 5, 2022, the Court granted summary judgment for Defendants based primarily on Plaintiff's sworn allegation that NGE is a culture, not a religion.[4] [See Doc. 83 at 3-4, 14-16]. At the same time, the Court denied Plaintiff's motions seeking to submit additional evidence, noting that Plaintiff failed to explain why he was unable to present such evidence three months earlier with his response and that the evidence would not have changed the outcome in any event. [Doc. 83 at 6]. Shortly thereafter, the Court denied Plaintiff's motion to reconsider its summary judgment Order [Docs. 85, 89] and Plaintiff appealed [Doc. 90]. The Court of Appeals for the Fourth Circuit vacated the Court's entry of summary judgment and remanded for further proceedings. Greene v. Lassiter, No. 22-6273, 2023 WL 8618519 (4th Cir. Dec. 13, 2023). The Fourth Circuit held that this Court erred in concluding that Plaintiff's sworn allegation "that NGE 'is a God centered culture' that must not be 'misconstrued as religion'" was a "relief-foreclosing

---

[4] The Court also concluded relative to Plaintiff's RLUIPA claim that he had failed to show that AMCI receives Federal financial assistance such that the protections of the RLUIPA apply in the first place. [Doc. 83 at 14].

judicial admission" under RLUIPA and the First Amendment.  Id. at *1.  The Fourth Circuit concluded, therefore, that "there may be at least an open factual question about whether NGE qualifies as a religion for RLUIPA and First Amendment purposes."  Id.

The Court granted Defendants' motion to stay[5] this matter pending the decision of the Fourth Circuit in Rogers v. Rich, No. 22-7167, which involved the alleged denial of a prisoner plaintiff's right to practice Nation of Islam and his categorization as SRG based on his adherence to the NGE.[6]  [Docs. 100, 103].  On April 4, 2024, the Court lifted its stay and allowed Defendants 30 days to supplement the summary judgment record with additional arguments and materials, including sworn testimony, particularly in light of Defendants' assertion that they now recognize NGE as a religion.  [Docs. 100, 103, 111].  The Court ordered that Plaintiff had 30 days from Defendants' supplement to file a response.  [Doc. 111 at 4].  On Defendants' motions, the Court twice extended the deadline to supplement their summary judgment motion.  [Docs. 120, 124; 5/7/2024 & 6/11/2024 Text Orders].  On July 10, 2024,

---

[5] In their motion to stay, Defendants acknowledged that "*Defendants now recognize NGE as a religion.*"  [Doc. 101 at 5 (emphasis in original)].

[6] The Fourth Circuit found that the Plaintiff in Rogers had forfeited appellate review of the district court's order because he failed to meaningfully challenge the district court's conclusion that the prison policies at issue were the least restrictive means of furthering a compelling government interest.  Rogers, No. 22-7167, 2024 WL 1230147, at *1 (4th Cir. 2024).

Defendants timely filed a renewed motion for summary judgment, a memorandum, and the NCDAC policy recognizing the NGE as a religion. [Docs. 127, 129, 128-1]. Defendants argue that they are protected by qualified immunity; that Plaintiff failed to state claims against Defendants Lassiter, Moose, Ishee, Cobb, or Rich; and that Plaintiff failed to demonstrate he was substantially burdened or that Defendants' restrictions did not have a reasonable relationship to the correctional objective. Defendants also contend that Plaintiff's RLUIPA claim is moot. [Doc. 128 at 5, 7-15]. On July 22, 2024, the Court granted Plaintiff's motion for more time to respond to Defendants' renewed summary judgment motion, setting his response deadline as September 9, 2024. [Doc. 129, 7/22/2024 Text Order].

Now pending is Plaintiff's request to reopen discovery, which he purports to assert under Rule 56(f) of the Federal Rules of Civil Procedure.[7] [Doc. 130]. As grounds, Plaintiff states that he "went through difficulty with his appointed counsel," that his attorneys did not move to compel discovery, and that he filed his summary judgment response "under duress." [Id. at 2, 4]. Plaintiff also states that the NCPLS provided Plaintiff with "more evidence" after he had filed his summary judgment response showing that, after a settlement conference in Miles v. Guice, prisoner-plaintiff Antonio

---

[7] The Court will more properly construe Plaintiff's motion under Rule 56(d).

Miles was allowed to practice as an NGE member, including accommodation for his fasts, for three years. [Id. at 3]. Plaintiff contends that he needs to inquire why the NCPLS did not reveal this sooner and why "a full ban on [NGE was] not taken off years earlier." [Id.]. Plaintiff contends this information would lead to evidence showing "requisite intent, qualified immunity, mootness & least restrictive means." [Id.]. Plaintiff also complains that three of Defendants' discovery responses were incomplete and/or confusing and seeks supplemental responses. [Id. at 3-4]. Finally, Plaintiff argues that his motion should be granted because "the facts are in the possession of the moving party." [Id. at 6].

The Court will address the pending motion without the benefit of Defendants' response, which is not yet due. See LCvR 7.1(e).

## II. STANDARD OF REVIEW

"Under Rule 56(d), where a nonmovant shows by affidavit or declaration that 'for specified reasons, it cannot present facts essential to justify its opposition' to a motion for summary judgment, a district court may deny or defer consideration of the motion, allow time for the nonmovant to take discovery before assessing the motion, or issue any order it deems appropriate." Jenkins v. Woodard, --- F.4th ---, 2024 WL 3490967, at *7 (4th Cir. Jul. 22, 2024) (finding district court's denial of pro se prisoner's Rule

9

Case 1:19-cv-00224-MR Document 131 Filed 08/12/24 Page 9 of 17

56(d) motion improper where the district court abused its discretion in denying the plaintiff's motions for counsel and the lack of counsel denied the plaintiff a "meaningful opportunity to conduct discovery") (quoting Fed. R. Civ. P. 56(d)). "Rule 56(d) therefore permits a district court to extend the discovery period after a party moves for summary judgment where the court is aware that additional discovery is necessary." Id. (citing Fed. R. Civ. P. 56(d)). "[T]he Supreme Court has instructed that summary judgment motions should only be granted 'after adequate time for discovery.'" Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986)). The Fourth Circuit, "[c]onsistent with that instruction, … has cautioned that district courts should not consider summary judgment motions where the nonmoving party has not had an opportunity to discover information essential to its opposition." Id. (citing Shaw v. Foreman, 59 F.4th 121, 128-29 (4th Cir. 2023)). "Relief under Rule 56(d) is therefore 'broadly favored' in this Circuit and should be 'liberally granted.'" Id. (quoting Pledger v. Lynch, 5 F.4th 511, 526 (4th Cir. 2021) (internal quotation marks omitted)). "This is especially true in the context of pro se litigation and when the movant exclusively controls evidence relevant to the nonmovant's opposition." Id. (citing Pledger, 5 F.4th at 526).

## III. ANALYSIS

As grounds for his pending motion, Plaintiff claims, through unsworn allegations, that he "went through difficulty with his appointed counsel," who did not move to compel responses to allegedly incomplete discovery responses, and that he filed his summary judgment response "under duress." [Doc. 130 at 1-2, 4]. Specifically, Plaintiff takes issue with Defendants' responses to three of his discovery requests.[8] In Interrogatory No. 10, Plaintiff asked Defendants to "[d]escribe how NGE was first validated as an SRG within North Carolina prisons, including when the designation was made, what specific factors caused the designation to be made, who made the designation, and details of any reviews of the designation." [Doc. 70-1 at 11]. Defendant Rich responded that, "NGE was the first group validated by the DOP in 1998 by Mr. James Moody based off a number of assaults attributed to the group at that time." [Id.]. Plaintiff now complains Defendants' response failed to address "the reviews" of the SRG designation or provide related documents. [Doc. 130 at 3]. Plaintiff claims this information will help prove that Defendants were unreasonable in their

---

[8] Plaintiff fails to provide the substance of these requests and only states his issues with Defendants' responses thereto. [See Doc. 130 at 3-4]. Nonetheless, the Court located the subject requests in Defendants' original summary judgment materials. [See Doc. 70-1].

11

continued designation of NGE as SRG because they did not annually review the group. [Id.].

Next, Plaintiff complains about Defendants' response to Interrogatory No. 11, which asked Defendants to "[d]escribe any requests to remove the SRG designation from NGE, including who made the request, when the request was made, any review process regarding the request, and the results of the request." [Doc. 70-1 at 11]. Defendants objected to the request as overly broad, unduly burdensome, and as directed to the Defendants "who are not aware of specific requests especially at the facility level. Requests go through SOIU (Security & Operations Intelligence Unit)." [Id.]. Plaintiff complains that this request "got no full answer" and argues that the information "will prove that no honest inquiry got made and the SRG was not the least restrictive means of dealing with the supposed issues." [Doc. 130 at 4].

Finally, Plaintiff complains that Interrogatory No. 14 yielded "confusing answers." [Doc. 130 at 4]. Interrogatory No. 14 asked Defendants to:

> Describe how Mr. Greene was first validated as an SRG member, including when the designation was made, what SRG group or groups Mr. Greene was considered to be part of, what specific factors caused the designation to be made, what level SRG Mr. Greene was considered to be, what specific factors led to that level, who made the designations, and details of any review of the designation.

12

[Doc. 70-1 at 12]. Defendants Rich and Cobb responded individually, but both indicated that Plaintiff was initially validated on June 18, 2002 as a member of the NGE based on Plaintiffs: (1) Use or Possession of Gang Related Symbols or Logo and (2) Possession of membership documents. Defendant Rich also responded that Plaintiff was validated while housed at Brown Creek CI and that his validation was approved by C.K. Stewart in the Chief of Security's Office. Defendant Rich further responded that Plaintiff was initially validated in 2002 as a level three (3) due to Plaintiff's history of disruptive behavior. Furthermore, Defendant Cobb responded that OPUS also showed that Plaintiff had been validated in 1998 as SRG but that he had "worked his way down through the security levels" until that status was vacated on review in January 2002. [Id. at 12-13]. Plaintiff "feels that these records are getting misconstrued" and claims that their response shows they "are not fully investigating these issues." [Id. at 4].

Plaintiff also claims that, after he filed his summary judgment response, the NCPLS provided Plaintiff with "evidence" that, after a settlement conference in Miles, Miles was allowed to practice as an NGE member for three years. Plaintiff now states that he needs to find out why this was not revealed sooner. Plaintiff also asserts that he should be allowed to find out why the NCDAC did not remove the ban on NGE years earlier.

13

Here, the Court appointed counsel for the Plaintiff for the purpose of conducting discovery in this matter. While Plaintiff may have disagreed with his attorneys about whether certain discovery should have been pursued or whether his attorneys should have compelled responses to particular requests, his attorneys ably conducted discovery on his behalf. [See Doc. 70-1 at 1-21]. Moreover, the responses Plaintiff takes issue with were, in very large part, appropriate and adequate. That is, Defendants' response to Interrogatory No. 10 was potentially lacking only in that it failed to address Plaintiff's request for the "details of any reviews of the designation" of NGE as SRG. [See id. at 11]. It is possible that, contrary to the policy Defendants identified in their response to Interrogatory No. 9, no such reviews occurred or that Defendants inadvertently neglected to respond to this portion of Plaintiff's request. Although the Plaintiff has not provided "specified reasons" by sworn testimony warranting his revisiting discovery in this matter pursuant to Rule 56(d), the Court will, for the sake of economy in this five-year-old case, order that Defendants supplement their response to Interrogatory No. 10 to address the identified omission.

The Court, however, finds that Defendants' responses to Interrogatory Nos. 11 and 14 were sufficient and appropriate. As for Interrogatory No. 11, Defendants cannot provide information about which they have no knowledge

or awareness, and the Court finds nothing confusing about Defendants' response to Interrogatory No. 14. Plaintiff may disagree with Defendants' characterization of his SRG validation history, but that is a matter appropriately addressed by way of competing affidavit in Plaintiff's response to Defendants' renewed summary judgment motion.

Next, the details of the provision of "evidence" by the NCPLS to the Plaintiff is not within the "exclusive control" of the Defendants, nor is it essential to Plaintiff's opposition. See Fed. R. Civ. P. 56(d). Whether the parties to Miles (or any lawsuit) decided to settle in such a manner allowing another inmate to practice as a member of the NGE was likely a decision informed by numerous factors the details of which are unnecessary to Plaintiff's opposition here. Moreover, Defendants informed Plaintiff in their discovery responses in this case that Miles had settled his lawsuit in January 2020. The Court, therefore, will deny Plaintiff's motion to the extent he seeks this information.

Finally, the Court will deny Plaintiff's motion to reopen discovery to learn why the NCDPS did not remove the ban on NGE years earlier. Plaintiff's claim regards Defendants' conduct relative to his NGE-based SRG status in or around 2018 and before. That the NCDPS, with or without Defendants' input or assistance, decided to change its policies in 2022 to

15

consider NGE a religion and not an SRG is not essential to Plaintiff showing the existence of a genuine issue of fact for trial. That is, Defendants admit, and Plaintiff can show that, despite Defendants and/or the NCDPS' previous position that the NGE is an SRG, the NGE is now a recognized religion within the NCDAC. Moreover, Defendants' response to Plaintiff's Interrogatory No. 8 addresses why the NCDPS considered the NGE as an SRG and why it was believed that the NGE continued to pose a threat to institutional security at that time. [See Doc. 70-1 at 9]. The Court also notes that Defendants' supplemental response to Plaintiff's Interrogatory No. 10, which regards NCDPS review of the NGE as an SRG, may further illuminate this issue.

## IV. CONCLUSION

The Court will grant Plaintiff's motion in part in that the Court will order Defendants to supplement their response to Plaintiff's Interrogatory No. 10. The Court will deny any further relief sought by Plaintiff for the reasons stated in this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion "Requesting to Reopen Discovery" [Doc. 130] is **GRANTED IN PART** and **DENIED IN PART** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Defendants shall **SUPPLEMENT** their response to Plaintiff's Interrogatory No. 10 in accordance with the terms of this Order within twenty-one (21) days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall **FILE** his response to Defendants' Renewed Motion for Summary Judgment [Doc. 127] within twenty-one days (21) of Defendants' service of their discovery supplement.

**IS SO ORDERED**.

Signed: August 12, 2024

Martin Reidinger
Chief United States District Judge