UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00224-MR

| | |
|---|---|
| COREY DELON GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| KENNETH LASSITER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for failure to make disclosures or to Cooperate in Discovery sanctions" [Doc. 133] and Plaintiff's "Addendum to Prior Rule #37 Motion" [Doc. 137].

For the sake of economy, the Court herein incorporates by reference its Order at Docket No. 131 in this matter. In Plaintiff's Interrogatory No. 10, he asked Defendants to "[d]escribe how [the Nation of Gods and Earths ("NGE")] was first validated as [a Security Risk Group ("SRG")] within North Carolina prisons, including when the designation was made, what specific factors caused the designation to be made, who made the designation, and details of any reviews of the designation." [Doc. 70-1 at 11]. Defendant Rich responded that, "NGE was the first group validated by the DOP in 1998 by Mr. James Moody based off a number of assaults attributed to the group at

that time." [Id.]. Plaintiff complained that this response failed to address "the reviews" of the SRG designation or provide related documents. [Doc. 130 at 3]. Plaintiff argued that this information would help prove that Defendants were unreasonable in their continued designation of NGE as SRG because they did not annually review the group. [Id.]. The Court ordered Defendants to supplement their response to Plaintiff's Interrogatory No. 10 in accordance with the Court's Order. [Doc. 131 at 14, 17]. Defendants timely complied. [See Doc. 132].

Plaintiff filed the pending motion, which the Court construes as a renewed motion to compel and motion for sanctions. [Doc. 133]. Plaintiff complains that Defendants' response to this Interrogatory remains incomplete. [Doc. 133, Doc. 133-1 at 2]. That is, Plaintiff contends that Defendants again failed to identify any reviews of the NGE as an SRG since its original designation. [Doc. 133-1 at 2-3; see Doc. 134 at 2-3]. Plaintiff asks the Court to enforce sanctions against Defendants for this alleged failure. [Doc. 133-1 at 4, 6]. Defendants responded to Plaintiff's motion. [Doc. 134]. Defendants argue that their supplemental response to Interrogatory No. 10 is sufficient and ask the Court to deny Plaintiff's motion. [Id. at 4]. The Court has reviewed Defendants' supplemental response and response to Plaintiff's motion and finds their supplemental response

sufficient. [See Docs. 133-2 & 134]. Moreover, Defendants explain that an SRG designation is a "one-time event" and that the NGE's SRG status was removed in 2022 as a function of the NCDAC's recognition of the NGE as a religion at that time. [Doc. 134 at 3]. The Court, therefore, will deny Plaintiff's motion with prejudice. To the extent Plaintiff believes that the alleged lack of review of the SRG status of the NGE violated policy or was otherwise unreasonable, he may so argue.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion "Motion for failure to make disclosures or to Cooperate in Discovery sanctions" [Doc. 133] is **DENIED with prejudice**.

**IS SO ORDERED.**

Signed: October 14, 2024

Martin Reidinger
Chief United States District Judge